# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1048

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　　*　District of Missouri.
Lonnie Weston,　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　 *

_____

Submitted:  February 18, 2008
Filed:  March 4, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

　　　Lonnie Weston appeals the 360-month prison sentence the district court imposed after a remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).  Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and a motion to withdraw.  We deny that motion.  Counsel has also filed two Federal Rule of Appellate Procedure 28(j) letters, suggesting in the second that the district court plainly erred in light of Gall v. United States, 128 S. Ct. 586, 594-95 (2007), and Rita v. United States, 127 S. Ct. 2456, 2465 (2007).

　　　Weston has filed a pro se supplemental brief, asserting that the district court erred in not simply adopting the alternative 240-month prison sentence pronounced

at the original sentencing hearing.  We reject this argument.  The court on remand properly undertook its obligation to consider the 18 U.S.C. § 3553(a) factors.  See Booker, 543 U.S. at 258-62; United States v. Weston, 443 F.3d 661, 666-69 (8th Cir.) (stating it was not possible to tell from record whether, in fashioning alternative sentence, district court had considered § 3553(a) factors), cert. denied, 127 S. Ct. 417 (2006).

At resentencing in December 2006, Weston asked the court to vary from the applicable advisory Guidelines range of 360 months to life in prison, and impose the statutory minimum sentence of 240 months.  The district court stated that this court had said a within-Guidelines-range sentence is presumptively reasonable; that it felt bound by this court's precedent requiring "extraordinary circumstances" to vary from the Guidelines; and that, although it preferred a 20-year sentence, it was unable to conclude that 360 months was unreasonable.  Reviewing for plain error, see United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (failure to object below limits court to plain-error review), we conclude that the district court erred by applying the presumption of reasonableness, that the error is now plain, and that the record shows a reasonable probability Weston would have received a lower sentence but for the error.  See Gall, 128 S. Ct. at 594-95 (extraordinary circumstances are not necessary to justify sentence outside Guidelines range); Rita, 127 S. Ct. at 2465 (presumption of reasonableness accorded to sentences reflecting proper application of Guidelines applies only on appellate review, not at sentencing); United States v. Greene, No. 07-1479, 2008 WL 238600, at *1-3 (8th Cir. Jan. 30, 2008) (vacating sentence and remanding because district court applied impermissible presumption of reasonableness:  district court expressed that, although it wished to depart downward

-2-

from advisory range, under Eighth Circuit precedent it did not have much discretion to do so).

Accordingly, we vacate Weston's sentence and remand for resentencing.

_____