# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1993

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Missouri. |
| Russell Henson, | * |
| | * |
| Appellant. | * |

———————

Submitted: January 15, 2008
Filed:   July 25, 2008

———————

Before COLLOTON and SHEPHERD, Circuit Judges, and ERICKSON,[1] District Judge.

———————

COLLOTON, Circuit Judge.

Russell Henson pled guilty to unlawful possession of a firearm as a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district

————————————

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

court[2] sentenced him to eighty-four months in prison, the bottom of his advisory guidelines range. We affirm.

In March 2006, a grand jury returned an indictment against Henson, charging him with unlawful possession of a firearm as a previously convicted felon. Henson pled guilty, and the presentence investigation report prepared by the United States Probation Office calculated Henson's advisory guidelines range as 84 to 105 months' imprisonment.

At Henson's sentencing hearing, on April 16, 2007, the district court stated its belief that it was "obligated under 8th Circuit law to find the sentencing guidelines presumptively reasonable." (S. Tr. 8). As of that date, this court had held that a sentence within the advisory range was "presumptively reasonable" on appeal, *United States v. Lincoln*, 413 F.3d 716, 717-18 (8th Cir. 2005), and some district courts took this to mean that a similar presumption applied in the sentencing court. In *Rita v. United States*, 127 S. Ct. 2456 (2007), however, the Supreme Court clarified that while a court of appeals may apply a presumption of reasonableness when conducting substantive review of a sentence within the advisory range, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 2465.

Henson's counsel astutely objected to the district court's application of a presumption of reasonableness, S. Tr. 3-4, and it is now clear in light of *Rita* that the district court erred by applying such a presumption. This constitutes what *Gall v. United States*, 128 S. Ct. 586 (2007), described as a "significant procedural error." *Id.* at 597; *see United States v. Greene*, 513 F.3d 904, 907 (8th Cir. 2008).

---

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

The government argues that the district court's error was harmless, and we agree that an examination for harmlessness is appropriate. Federal Rule of Criminal Procedure 52(a) provides that any error that does not affect substantial rights "must be disregarded." Prior to the invalidation of the mandatory guidelines, the Supreme Court held that a misapplication of the guidelines would be harmless if "the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *Williams v. United States*, 503 U.S. 193, 203 (1992). Misapplication of the guidelines is now one species of "significant procedural error," *Gall*, 128 S. Ct. at 597, still governed by a statutory provision, 18 U.S.C. § 3742(f)(1), that was discussed in *Williams* and left intact by *United States v. Booker*, 543 U.S. 220, 259 (2005).

We see nothing in *Gall* that undermines *Williams* or makes harmless-error analysis inapplicable to procedural sentencing errors. Henson admitted all facts necessary to the calculation of his advisory guideline range, *see* S. Tr. 3; *United States v. McCully*, 407 F.3d 931, 933 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 305 (2005), so the district court's treatment of the range as presumptively reasonable is undoubtedly a non-constitutional error. It would be odd indeed to accord "structural" status to such a non-constitutional error when even most constitutional violations (including a Sixth Amendment violation at sentencing) may be deemed harmless upon a proper showing. *See Washington v. Recuenco*, 548 U.S. 212, 218 (2006); *United States v. Allen*, 406 F.3d 940, 944-45 (8th Cir. 2005) (en banc). Hence, we have thrice indicated in *dicta* that a significant procedural error can be harmless, *United States v. Vickers*, 528 F.3d 1116, 1121 (8th Cir. 2008); *United States v. Huff*, 514 F.3d 818, 821 (8th Cir. 2008); *Greene*, 513 F.3d at 908, and several other circuits agree. *United States v. Anderson*, 526 F.3d 319, 330 n.6 (6th Cir. 2008); *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008); *United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2008); *United States v. Arneto-Anaya*, 262 F. App'x 936, 937 (11th Cir. 2008). The nature of *Gall*'s procedural requirements may affect the sort of showing that is necessary

before such an error may be deemed harmless, but it does not render the error automatically prejudicial.

In this case, we conclude that the government has met its burden to show that the district court's procedural error did not substantially influence the outcome of the sentencing proceeding. *See Kotteakos v. United States*, 328 U.S. 750, 764-65 (1946). After Henson's counsel raised his objection to the presumption of reasonableness, the district judge denied Henson's request for a downward variance from the advisory guidelines. The judge then stated:

> I don't find the guidelines to be unreasonable in this case. So while I take [the presumption of reasonableness] into account, I see no reason that I would do anything different had I had the opportunity to not do that. So the request is denied.

(S. Tr. 8).

In our view, this statement makes clear that whether or not the court felt constrained by a presumption of reasonableness, it would have imposed the same sentence. Unlike post-*Gall* cases that we have remanded, where the district court stated that it would have preferred to grant a downward variance, *see Huff*, 514 F.3d at 821; *Greene*, 513 F.3d at 908, the district court here said the opposite. We need not even venture an inference that the error had no effect on the court's selection of the sentence, *cf. United States v. Nomeland*, 7 F.3d 744, 749 (8th Cir. 1993); here, the district court answered that question expressly, *see United States v. Thompson*, 403 F.3d 533, 535-36 (8th Cir. 2005), and it did so after taking into account the potential impact of the specific error involved. *Cf. United States v. Icaza*, 492 F.3d 967, 971 (8th Cir. 2007) (holding that a "blanket statement" by a district judge that a sentence was "fair," where the statement was "intended to cover any and all potential guidelines calculation errors," was not sufficient to demonstrate harmless error) (quoting *United States v. Bah*, 439 F.3d 423, 431 (8th Cir. 2007)). We are thus

persuaded that the court would have imposed the same term of imprisonment absent the procedural error, and a remand is not required. *Williams*, 503 U.S. at 203. Henson does not argue that the sentence is substantively unreasonable under 18 U.S.C. § 3553(a), and we do not believe that it is.

For these reasons, the judgment of the district court is affirmed.

SHEPHERD, Circuit Judge, dissenting.

Because I do not believe that the government has carried its burden of showing the harmlessness of the district court's significant procedural error, applying a presumption of reasonableness to Henson's advisory guidelines range, I dissent.

"The difference between a review for harmless error and plain error is critical; under a harmless error standard the government has the burden of persuasion, whereas under plain error, the defendant bears the burden of persuasion to show the error affected his substantial rights." United States v. Gianakos, 415 F.3d 912, 923 n.6 (8th Cir. 2005); see United States v. Olano, 507 U.S. 725, 734 (1993). Accordingly, here the government must prove that the district court's significant procedural error, presuming Henson's Guidelines range to be reasonable, was harmless, i.e., *not* prejudicial to Henson. United States v. Mansoori, 480 F.3d 514, 523 (7th Cir. 2007) (citing Olano, 507 U.S. at 734-35). The government carries this burden if it "show[s] that no 'grave doubt' exists as to whether the error substantially influenced the outcome of the proceedings." United States v. Greene, 513 F.3d 904, 908 (8th Cir. 2008) (quoting United States v. Cullen, 432 F.3d 903, 906 (8th Cir. 2006)). I note that this court has previously held that a sentencing court abused its discretion by applying a presumption of reasonableness, "plainly an error of law, rendering [the defendant's] sentence unreasonable." See United States v. Aguilera, 523 F.3d 876, 877-78 (8th Cir. 2008).

The district court stated at sentencing that it was applying a presumption of reasonableness to Henson's Guidelines range of 84 to 105 months, sentenced him at the very bottom of that range, 84 months, and stated that, even if it had not applied the presumption, it would have imposed the same sentence. The district court's only other explanation for the 84-month sentence was that Henson's health issues, his primary basis for seeking a downward variance, were not persuasive. The majority finds that the government has carried its burden of showing the district court's error to be harmless in light of the district court's statement that, even absent the presumption, it would have imposed the same sentence.

However, we have rejected the government's argument in an analogous case, United States v. Icaza, 492 F.3d 967 (8th Cir. 2007), involving the misapplication of an offense level enhancement. Id. at 970. There, as here, the government contended that the error was harmless because the record showed that, notwithstanding the error, the district court would have given the defendant the same sentence. Id. The portion of the record relied on by the government was the following statement by the district court:

> I'm saying that what I think is sufficient but not greater than necessary sentence, which is the charge the district court is given, I think it's 63 months, and to the extent that I have done a sword dance in accepting or rejecting role, amount of loss, number of victims, I think 63 months is a fair sentence under the Booker analysis and the Haack analysis.

Id.; see United States v. Booker, 543 U.S. 220 (2005); United States v. Haack, 403 F.3d 997 (8th Cir. 2005).

The Icaza Court was not persuaded by the government's contention, finding the misapplication of the enhancement was not harmless because the district court's statement was "not detailed enough," 492 F.3d at 970, in that "the sentencing court

-6-

pronounce[d] an identical alternative sentence, not based on any alternative guidelines calculation but instead intended to cover any and all potential guidelines calculation errors . . . ." Id. at 971 (quoting United States v. Bah, 439 F.3d 423, 431 (8th Cir. 2006)). The court explained:

> [T]he district court did not determine an alternative guidelines range without the . . . enhancement and explain a variance from it based on § 3553(a) factors, but rather it made a blanket statement that 63 months is a "fair" sentence. Such a statement cannot provide the basis for a finding of harmless error.

Id.

In this case, the district court stated that it would have imposed the exact same sentence, even absent the presumption of reasonableness, but offered no explanation as to why the same sentence would be appropriate without the presumption. In fact, the district court offered almost no explanation as to why the 84-month sentence was appropriate other than the presumption. In my view, supported by Icaza, if a district court can apply a presumption of reasonableness and then innoculate the sentence from reversal by stating that it would impose an identical sentence absent the presumption, a point I find suspect in light of Gall v. United States, 552 U.S. ___, 128 S. Ct. 586 (2007), see United States v. Vickers, 528 F.3d 1116, 1122-23 (8th Cir. 2008) (Shepherd, J., concurring), it must couple the statement with an adequate explanation. See Icaza, 492 F.3d at 971; see also Rita v. United States, 551 U.S. ___, ___, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has . . . a reasoned basis for exercising his own legal decisionmaking authority."). Where, as here, the sentencing court does not do so, the error is not harmless.

The Tenth Circuit has, in several cases, reversed and remanded for resentencing where, as in this case, the district court erroneously applied a presumption of reasonableness and then sentenced the defendant at the bottom of the Guidelines range. See United States v. Conlan, 500 F.3d 1167, 1170 (10th Cir. 2007) ("[The defendant] was sentenced at the very bottom of his advisory guideline range, a sign we have taken in the past to indicate that the court may have done something differently had it not felt mistakenly bound by the guidelines."); see also United States v. De Jesus-Gomez, 263 F. App'x 707, 710 (10th Cir. 2008) (vacating and remanding for resentencing where "[t]he district court, after erroneously applying a presumption of reasonableness, and further stating that [the defendant] had not overcome that presumption, imposed a sentence at the very bottom of the Guidelines range."); United States v. Begay, 470 F.3d 964, 976-77 (10th Cir. 2006) ("But the government fails to argue harmless error. Nor could it do so successfully. The sentence imposed was at the bottom of the Guidelines range. We cannot say whether the district court would have imposed the same sentence if it had properly understood the post-Booker legal landscape."), overruled on other grounds, 128 S. Ct. 1581 (2008) . Henson's very-bottom-of-the-Guidelines-range sentence indicates that, had the district court not been operating under the incorrect notion that the Guidelines range was presumptively reasonable, it might have sentenced Henson in a different manner. See Conlan, 500 F.3d at 1170. This further suggests that the district court's error was not harmless.

Given the record, I conclude the error substantially influenced the outcome of the proceedings and therefore was not harmless. I would vacate Henson's sentence and remand for resentencing.

_____