# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1601

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Missouri.
Leslie Paul Pittock,　　　　　　　*
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　*

_____

Submitted: April 14, 2008
Filed: August 22, 2008

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Leslie Paul Pittock pled guilty to transportation and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(1), (5). The district court[1] sentenced him to concurrent sentences of 210 months' imprisonment on the transportation charge and 120 months on the possession charge; lifetime supervised release; and a $200 special assessment. Pittock appeals, contending that the district court erred in affording a presumption of reasonableness to the sentencing range established by the Sentencing Guidelines. We affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

At Pittock's sentencing hearing, which took place prior to the Supreme Court's decision in <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007), the district court stated:

> The sentencing range calculated pursuant to the United States Sentencing Guidelines is today under the extant law of this Circuit a presumptively reasonable range. There is a case before the United States Supreme Court which might result in a change in that approach but nevertheless that is the law today and that is the law I am required by my oath to follow and apply.

Sent. Tr. at 33. In light of <u>Rita</u>'s holding that "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply," <u>id</u>. at 2465, the district court's application of a presumption of reasonableness constituted a significant procedural error. <u>United States v. Greene</u>, 513 F.3d 904, 907 (8th Cir. 2008).

Pittock raised a timely objection during sentencing and thereby preserved his right to challenge the error. Accordingly, we review for harmless error the district court's application of the presumption. <u>United States v. Henson</u>, No. 07-1993 (8th Cir. July 25, 2008); <u>Greene</u>, 513 F.3d at 908; <u>see also</u> <u>United States v. Cullen</u>, 432 F.3d 903, 906 (8th Cir. 2006). As the beneficiary of a non-constitutional[2] error under <u>Booker</u> or <u>Rita</u>, the government bears the burden of demonstrating beyond a grave doubt that the error did not substantially influence the outcome of the sentencing proceedings. <u>See</u> <u>Cullen</u>, 432 F.3d at 906.

The government argues that because the district court declined to exercise its discretion to grant a traditional departure and carefully considered all of the § 3553(a) factors, it did not solely rely on the presumption of reasonableness in imposing

---

[2]Pittock stipulated to all of the facts necessary for the Guidelines enhancements applied by the district court, and thus the Sixth Amendment is not implicated. <u>See</u> <u>United States v. Perez-Ramirez</u>, 415 F.3d 876, 877 (8th Cir. 2005).

sentence but imposed what it determined to be a reasonable sentence in the circumstances. We agree. In its thorough consideration of the § 3553(a) factors, the district court noted that Pittock's case was not a normal child pornography case but an unusual one in that it involved the possession of a large number of images, including some that portrayed infants being sexually abused. Sent. Tr. at 33-34. The district court concluded that a sentence within the Guidelines range, even if "fearsome," would promote respect for the law, protect the public from further crimes instigated by Pittock, and avoid sentencing disparities. Sent. Tr. at 34-36. In contrast to the situation in Greene, 513 F.3d at 907-08, the district court expressed no wish to impose a sentence at variance with the Guidelines range, and it did not fail to assess the relevant factors in determining the sentence. The district court acknowledged that Pittock had presented grounds for a downward departure under the Guidelines, but it declined to so depart, instead imposing a sentence at the bottom of the suggested Guidelines range. See United States v. Perez-Ramirez, 415 F.3d at 878 (error harmless where the district court "left unused some of its discretion"). In sum, we are not left with a grave doubt that the district court would have imposed a different sentence had it not applied a presumption of reasonableness to the sentencing range recommended by the Guidelines. See Henson, slip op at 4-5.

The judgment is affirmed.

_____