# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3784

_____

United States of America,

        Appellee,

v.

Moses Wayne Vanpelt,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Northern District of Iowa.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: March 2, 2009
Filed: March 5, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Moses Wayne Vanpelt pleaded guilty to conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count I), and to possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count II), which subjected him to mandatory minimum prison terms of 20 years on Count I and 10 years on Count II, see 21 U.S.C. §§ 841(b)(1)(A), (B) and 851. At sentencing, the district court[1] determined an advisory Guidelines imprisonment range of 240-262 months; granted the government's motion for a

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

substantial-assistance reduction under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e); and sentenced Vanpelt to concurrent prison terms of 168 months. On appeal, Vanpelt asserts the district court felt constrained by then-controlling Eighth Circuit law--that extraordinary circumstances were required to justify extraordinary sentence reductions. He argues his case should be remanded for the district court to exercise its full discretion in light of Gall v. United States, 128 S. Ct. 586, 594-95 (2007) (rejecting extraordinary-circumstances test). We disagree. Our review of the record leads us to conclude that the district court selected the sentence it wanted to impose, notwithstanding then-controlling Eighth Circuit law. See United States v. Greene, 513 F.3d 904, 907-08 (8th Cir. 2008) (standard of review).

Accordingly, we affirm.

_____