# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2162

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Orlando Escobar-Quintanilla, also | * | **[PUBLISHED]** |
| known as Chefe, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 14, 2010
Filed: July 26, 2010

_____

Before LOKEN, BRIGHT, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Orlando Escobar-Quintanilla pleaded guilty to twelve counts of conspiring to distribute and distributing methamphetamine and using a communication device to facilitate methamphetamine distribution in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and (B), 843(b), and 846. At sentencing, the district court[1] determined that Escobar's total offense level is 35, resulting in an advisory guidelines sentencing range of 168 to 210 months in prison. Explicitly balancing all the 18 U.S.C. § 3553(a)

_____

[1]The HONORABLE MARK W. BENNETT, United States District Judge for the Northern District of Iowa.

sentencing factors, the court denied Escobar's motion for a downward variance but took into account his personal mitigating factors in imposing a sentence at the low end of the range. The court sentenced Escobar to 168 months in prison, finding "that this sentence is sufficient but not greater than necessary [and] meets all of the sentencing objectives in 3553(a)."[2]

On appeal, Escobar first argues the district court clearly erred in determining a base offense level of 35 rather than 34 based on the quantity of drugs attributable to his offenses. The government correctly argues that this contention is without merit because, at sentencing, the district court explicitly found a drug quantity level of 34, rather than level 36 as urged by the government.

Escobar next argues the district court erred in imposing a four-level rather than a two-level increase for his role in the offense. See U.S.S.G. § 3B1.1. At sentencing, Escobar conceded that a three-level increase is warranted, thereby waiving his contention on appeal that a two-level increase is appropriate. The district court found that he was an organizer or leader of the conspiracy, and therefore warranted a four-level increase under § 3B1.1(a), because he recruited others to join the ten-participant conspiracy, directed drug deliveries, and dictated where drugs would be stored. The court noted that a four-level as opposed to a three-level increase "is a close call" that was "not critical to the ultimate sentence" imposed. After careful review of the sentencing record, we conclude that the court did not clearly err in imposing a four-level role-in-the-offense increase. In addition, any error was harmless because it did

---

[2]The district court also stated that it was imposing a reasonable sentence, but this is irrelevant to our appellate review. The Supreme Court instructed the lower courts in Rita v. United States, 127 S. Ct. 2456, 2465 (2007), that a district court may not presume that an advisory guidelines sentence is reasonable. We applied that principle in reversing the sentence in United States v. Greene, 513 F.3d 904, 907-08 (8th Cir. 2008). The Sixth Circuit footnote quoted in a see also citation in Greene should not be applied more broadly than this context.

not affect the court's "ultimate determination of a reasonable sentence." <u>United States v. Shuler</u>, 598 F.3d 444, 447 (8th Cir. 2010) (quotation omitted).

The judgment of the district court is affirmed.

BRIGHT, Circuit Judge, concurring.

I concur but write separately to emphasize that a district court's responsibility is not to impose a "reasonable" sentence. *See United States v. Greene*, 513 F.3d 904, 907 (8th Cir. 2008). Rather a sentencing court must carefully consider the 18 U.S.C. § 3553(a) factors and impose a sentence that is sufficient but not greater than necessary. *Id.* at 907-08.

In this case, the district court stated that it imposed a "reasonable sentence." But the court also carefully considered and analyzed the § 3553(a) factors, focusing on aggravating factors such as the ongoing nature of the offense and that it was a crime of greed. The court also focused on the mitigating factors, such as the lack of a criminal history and the difficult life Escobar had endured. Thus, overall, the district court did not err.

_____