# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4124

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Alfonzo Traymayne Lee, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2008
Filed: April 7, 2008

_____

Before ARNOLD and COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOGUE, District Judge.

A jury convicted Alfonzo Traymayne Lee ("Lee") of conspiring to distribute fifty grams or more of cocaine base (crack cocaine), pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846, and using, carrying, or brandishing a firearm during a drug trafficking offense, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). Lee was sentenced by the district court[2] to 262 months' imprisonment on Count I and 84 months'

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

imprisonment on Count II, to be served consecutively. Lee brought four grounds for appeal before this panel, including a claim that his sentence of 262 months for the crack cocaine offense was unreasonable in that it was greater than necessary to advance the goals of 18 U.S.C. § 3553(a). United States v. Lee, 451 F.3d 914, 918 (8th Cir. 2006). This panel affirmed in all respects, and Lee sought the review of the United States Supreme Court.

After its decision in United States v. Kimbrough, the United States Supreme Court remanded Lee's case back to this panel for further review. Lee v. United States, 128 S. Ct. 855 (2008). For the reasons stated below, we remand this case to the district court for resentencing in light of Kimbrough.

After his conviction but prior to sentencing, Lee filed a sentencing memorandum with the sentencing judge, arguing, among other things, that his situation warranted a deviation in light of the sentencing disparity between offenders whose offense involves crack cocaine and those whose offense involves powder cocaine. Lee also made an oral argument on these grounds, and the sentencing court addressed this argument at length.

At the sentencing hearing, the district court expressed its personal dissatisfaction with the crack cocaine guidelines, stating that "if I were the person to decide what guidelines – how the guidelines ought to be written, I would use a different ratio than a 100-to-1." Transcript of Sentencing Proceedings at 25. However, said the court, "that is a call that Congress is permitted to make." Id. At this point, the district court pointed to a previously published opinion in which it discussed its discontentment with the crack cocaine guidelines but nonetheless reached the conclusion that courts should continue to apply the guidelines even when

they disapprove of the aforesaid sentencing disparity.[3]  Id. (citing to United States v. Tabor, 365 F. Supp. 2d 1052 (D. Neb. 2005)).  The district court then stated that it had looked at the circumstances of this individual case to determine whether it was outside the heartland of similar drug conspiracy cases, examining "whether there is something unusual, or different, or strange that would cause me to think that I ought to do something different than what the guidelines call for."  Id.  Ultimately, the district court determined that "[w]hat we have is a fairly typical crack cocaine conspiracy, not a terribly big one, not a terribly small one, but a dangerous one. . . . and I can't, in good conscience, find a reason not to implement the will of Congress here."  Id.

In Kimbrough v. United States, the United States Supreme Court stated that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, *even in a mine-run case*."  128 S. Ct. 558, 575 (2007) (emphasis added).  Thus, a sentence outside of the Guidelines range is not per se unreasonable "merely because the district court considered the sentencing disparity created by the 100:1 crack to powder cocaine quantity ratio set out in the Guidelines as a factor in determining the sentence."  United States v. King, ___ F.3d ___, No. 07-1961, 2008 WL 596728, at *4 (8th  Cir. Mar. 6, 2008) (citing

---

[3] The United States Supreme Court held in Rita v. United States that it may be reversible error for a sentencing court to presume that it should apply a sentence within the Guidelines.  127 S. Ct. 2456, 2465, 168 L. Ed. 2d 203 (2007).  Although the appellate standard of review involves a presumption of reasonableness that the district court's sentence is reasonable, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."  Id.  See also United States v. Greene, ___ F.3d ___, No. 07-1479, 2008 WL 238600, at *2 (8th Cir. Jan. 30, 2008).  In this case, the transcript of the sentencing hearing includes some strong indications that the district court may have applied such a presumption of reasonableness to the Guidelines.  As remand for resentencing is appropriate in light of Kimbrough, the panel need not make any finding regarding Rita other than to direct the sentencing court to consider the strictures of both Rita and Kimbrough in its resentencing.

Kimbrough). Of course, a district court does not commit error if it fails to consider the crack/powder disparity. United States v. Roberson, ___ F.3d ___, Nos. 06-3458, 06-3663, 2008 WL 323223, at *4 (8th Cir. Feb. 7, 2008). But Kimbrough means that a district court acts within its broad discretion when it considers the crack/powder disparity as one factor in determining that "a within-guidelines sentence is greater than necessary to serve the objectives of sentencing." Id. at *4 (citations omitted).

The statements made by the district court demonstrate that although it was very concerned about the crack/powder sentencing disparity, it did not feel that it could vary from the Guidelines on that basis in such a case where nothing "unusual, or different, or strange" brought it outside of the general heartland of cases. However, the Supreme Court in Kimbrough made clear that sentencing courts can consider the crack/powder disparity "even in a mine-run case." 128 S. Ct. at 575. While the information before this panel is insufficient to demonstrate for certain that the district court would have varied outside of the Guidelines if it knew it could give weight to its concerns about the crack/powder disparity, it is clear that the district court may have done so. Thus, remand to the district court for resentencing is appropriate. See Roberson, 2008 WL 323223, at *4.

For these reasons, Lee's sentence is vacated and this case is remanded to the district court for further proceedings.

_____