# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1892

———————

United States of America,             *

                                *

          Appellee,         *

                                *    Appeal from the United States

     v.                     *    District Court for the

                                *    District of Nebraska.

Hashim Amin Cawthorn,        *

                                *

          Appellant.       *

———————

Submitted: February 21, 2008
Filed: June 4, 2008

———————

Before LOKEN, Chief Judge, WOLLMAN, and BYE, Circuit Judges.

———————

BYE, Circuit Judge.

A jury convicted Hashim Cawthorn of conspiracy to distribute and possess with intent to distribute, and knowingly and intentionally distributing, crack cocaine. He appealed his convictions and sentence and we affirmed. The Supreme Court granted certiorari, vacated the judgment, and remanded for our further consideration because of its decision in <u>Kimbrough v. United States</u>, 552 U.S. —, 128 S.Ct. 558 (2007). We now affirm Cawthorn's convictions but reverse and remand for resentencing.

At sentencing Cawthorn asked the district court to vary downward from the advisory guideline range of 210 to 262 months arguing the Guidelines' 100:1 ratio

between crack and powder cocaine was unreasonable. The district court declined, stating:

> Mr. Cawthorn, your principal objection or your objection principally goes to a congressional mandate that's been imposed upon the courts and upon our sentencing regime by making the declaration that crack cocaine is – has to be treated 100 times worse than powder cocaine.
>
> That has been a losing fight for 15 years among the judges in this country. There's no way that – Congress is not inclined to change that. I have an obligation to – to uphold the law whether I agree with it or not. That's just one of the oaths that I've taken.

Sent. Tr. at 31.

In Kimbrough, the Supreme Court held sentencing courts may vary downward from the advisory guidelines range based on the disparity created by the 100:1 ratio between crack and powder cocaine offenses. 128 S.Ct. At 575-76. We have held Kimbrough does not require district courts to consider the crack/powder disparity in all sentences for crimes involving crack cocaine. United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008). "[A] district court that is aware of an argument does not abuse its discretion by not considering it." Id. (citing United States v. Miles, 499 F.3d 906, 909-10 (8th Cir. 2007)). However, "[w]hen a district court does not consider an argument because it is unaware of its power to do so . . . a remand is appropriate." Id. Based on this record, it is apparent the district court did not recognize its authority to vary from the advisory guidelines sentence, and we cannot tell whether, had it know it could vary, the court would have granted Cawthorn's motion for a downward variance. See United States v. Thomas, No. 06-2452, 2008 WL 55402, at 4 (N.D. Iowa. May 5, 2008). Accordingly, we vacate the sentence and remand for resentencing. As for all other issued raised in Cawthorn's appeal, we affirm for the reasons stated in our prior opinion.

_____