# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2169

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | On remand for reconsideration |
| v. | * | from the United States Supreme Court |
| | * | |
| David Tabor, also known as Country, | * | |
| also known as Big Country, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 20, 2008
Filed: July 10, 2008

_____

Before RILEY, JOHN R. GIBSON, and COLLOTON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

This case was vacated and remanded to us by the United States Supreme Court for reconsideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). Tabor v. United States, 128 S. Ct. 1060 (2008). After reconsideration of Tabor's appeal as directed by the Supreme Court, we affirm his conviction for conspiracy to distribute and possess with intent to distribute fifty grams or more of a mixture or substance containing cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846. Consequently, we reinstate Parts I, II, and III of our prior panel opinion as unaffected by Kimbrough. United States v. Tabor, 439 F.3d 826 (8th Cir. 2006). We do not reinstate Part IV of the panel opinion affirming

Tabor's sentence because we conclude that his sentence should be reversed and the case remanded to the district court for re-sentencing in light of the Supreme Court's holding in Kimbrough.

On appeal, Tabor argues that the district court erred when it refused to consider that the crack cocaine Guidelines were "irrational" and resulted in "unfair and disparate sentences as compared to sentences for powder cocaine." Tabor, 439 F.3d at 830. Specifically, he urged the district court to vary from the advisory Guidelines range and impose a lower sentence. Instead, the district court imposed a sentence of 200 months in a written order filed April 18, 2005. United States v. Tabor, 365 F. Supp. 2d 1052, 1062 (D. Neb. 2005). This sentence was near the bottom of the advisory sentencing range of 188 to 235 months.

I.

Like all versions prior to the recent amendments, the Guidelines in effect at Tabor's sentencing advised that "a drug trafficker dealing in crack cocaine is subject to the same sentence as one dealing in 100 times more powder cocaine." Kimbrough v. United States, 128 S. Ct. 558, 564 (2007); USSG § 2D1.1(c) (drug quantity table) The crack/powder cocaine disparity was long criticized, but an attempt in 1995 by the Sentencing Commission to eliminate the disparity was blocked by Congress. Kimbrough, 128 S. Ct. at 569. Despite continued urging by the Commission to lessen the disparity, Congress took no action except to direct the Commission to propose revisions of the drug quantity ratio. Id. Finally, last year the Commission adopted "modest" changes to the Guidelines that reduced "the base offense level associated with each quantity of crack by two levels." Id.; Amendments to the Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28558, 28572-574 (May 21, 2007). This time, however, Congress did not exercise its power to block the amendments, and the changes became effective on November 1, 2007. Kimbrough, 128 S. Ct. at 564. There still exists a disparity between crack and powder cocaine ranges, but the

disparity is no longer based on the 100-to-1 quantity ratio.  Id. at 573 (explaining that the quantity disparity is now variable and ranges between 25-to-1 and 80-to-1); id. at 569 n.10 (explaining that the 100-to-1 ratio still exists when the amount of cocaine base is either five or fifty grams because those amounts trigger mandatory minimum sentences effected by Congress, which were derived using the 100-to-1 ratio).

These facts set the stage for Kimbrough, and in late 2007 the Supreme Court held that a district court may vary from the advisory sentencing range solely on the basis of its disagreement with the extent of the crack/powder disparity if it concludes that the "disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."  Id. at 575 (quoting 18 U.S.C. § 3553(a)).  Tabor's sentencing occurred much earlier, however, on April 18, 2005.  United States v. Tabor, 365 F. Supp. 2d 1052, 1052 (D. Neb. 2005).  It followed by only a few months the Supreme Court's landmark decision in United States v. Booker, 543 U.S. 220 (Jan. 12, 2005), which rendered the Guidelines "effectively advisory," id. at 245, and instructed appellate courts to review a sentence for reasonableness, id. at 261.  With very little guidance in the way of post-Booker jurisprudence, the district court was called upon by Tabor to vary from his advisory sentencing range on the basis of the crack/powder disparity.  Tabor, 365 F. Supp. 2d at 1054.  The sentencing judge declined the invitation in a thoughtful written order.  He explained that he had two reasons for not varying from the crack cocaine Guidelines despite his personal disagreement with them.  Id. at 1059 n.9.  His principal reason was deference to Congress's intent; he wrote, "As a judge, I should defer to the choice of penalties that Congress has made for crack cocaine even though I would quickly do something different if it were within my proper role to choose."  Id. at 1060.  His second reason was based on the fear that without the crack cocaine Guidelines there was no rational basis by which a sentencing judge could choose which alternative sentencing structure to apply.  Id. at 1060-61 (noting that at various times several different reforms have been proposed, including setting the Guidelines based on a ratio at 1-to-1, 10-to-1, and 20-to-1).  On that point, he wrote that if sentencing judges were free to vary from the

crack cocaine Guidelines simply on the basis of the disparity, "a bunch of different standards for crack sentencing" would emerge despite his opinion that "judges lack the institutional capacity (and frankly, the personal competence) to set and then enforce one new, well-chosen, theoretically coherent, national standard." Id. at 1061. Consequently, the district court found that its disagreement with the extent of the crack/powder disparity was not an appropriate basis for a variance.

In our original review of Tabor's appeal, we did not address the correctness of this conclusion. Rather, we concluded that a sentence within the crack cocaine Guidelines was not inherently unreasonable. Tabor, 439 F.3d at 831 (although we did say that the district court did not neglect to consider a relevant factor). A few months later, however, our court did consider whether the disparity could form the basis of a variance from the Guidelines. United States v. Spears 469 F.3d 1166 (8th Cir. 2006) (en banc), vacated and remanded by 128 S. Ct. 858 (2007), reinstated and aff'd in part and rev'd in part on remand by, --- F.3d ----, Nos. 05-4468 & 06-1354, 2008 WL 2485329 (8th Cir. June 23, 2008) (en banc). We answered that question in the negative, stating, "Congress has elected not to revise the 100:1 quantity disparity between powder cocaine and crack cocaine" and we "must defer to Congress" on the issue. Id. at 1178. In Spears, we identified the same concerns that troubled the sentencing judge in this case: judicial contravention of Congressional intent, id. at 1177-78, and the likelihood that different sentencing judges would adopt different crack/powder cocaine ratios, id. at 1176.

In the intervening year, the Supreme Court has rejected the view that these concerns prohibit a district court from granting a downward variance on the basis of the crack/powder disparity. First, Kimbrough rejected the argument that Congress intended the 100-to-1 crack/powder ratio to form the basis for the crack cocaine Guidelines. 128 S. Ct. at 571 (rejecting the argument that Congress's use of the same ratio as the basis for its mandatory minimums evidenced such an intent); id. at 572-73 (rejecting the argument that Congress approved of the 100-to-1 ratio when it rejected

prior efforts by the Sentencing Commission to revise the ratio). And second, it dismissed the concern that different sentencing judges would adopt disparate approaches to the crack cocaine Guidelines, stating that "possible variations among district courts are constrained by the mandatory minimums" and that "ongoing revision of the Guidelines in response to sentencing practices will help to avoid excessive sentencing disparities." Id. at 574 (internal quotation marks omitted). Further, it noted that appellate review of whether a sentence is reasonable will help achieve a broad uniformity, even if it cannot replicate the more exact uniformity sought by the Guidelines. Id. at 573. The Supreme Court in Kimbrough squarely considered the two concerns the sentencing judge found crucial in this case, and it held that they did not preclude a variance based on disagreement with the 100-to-1 ratio.

## II.

With this history in mind, we now turn to considering Tabor's appeal within the framework of appellate sentencing review. We review a defendant's sentence for "both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008). Procedural sentencing acts are those acts the district court must take to aid it in crafting an appropriate sentence, Gall v. United States, 128 S. Ct. 586, 597 (2007) (such as giving the parties an opportunity to argue for the appropriate sentence, properly calculating the Guidelines, treating the Guidelines as advisory, considering each of the § 3553(a) factors, and selecting facts that are not clearly erroneous), or those acts the district court takes to aid appellate review of its sentence, id. (a district court must "adequately explain the chosen sentence"). Substantive sentencing acts include, most importantly, how a district court balances the § 3553(a) sentencing factors to derive its sentence. Id. (instructing appellate courts to give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" a sentence). We review the district court's balancing of these factors when we

-5-

consider whether the sentence imposed is reasonable. See United States v. Kowal, 527 F.3d 741, 749 (8th Cir. 2008) (explaining that a district court abuses its discretion if it ". . .considers only the appropriate factors but commits a clear error of judgment in weighing those factors"). But we do not consider whether a sentence is reasonable until we "first ensure that the district court committed no significant procedural error." Gall, 128 S. Ct. at 597.

Such significant procedural error occurs if the district court fails to understand the scope of its authority and discretion at sentencing. See United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) (stating that remand is appropriate when "a district court does not consider an argument because it is unaware of its power to do so"); United States v. Marston, 517 F.3d 996, 1004 (8th Cir. 2008) (holding that district court committed significant procedural error by applying a presumption of reasonableness to a Guidelines sentence); United States v. Thorpe, 447 F.3d 565, 569 (8th Cir. 2006) (remanding case where district court failed to recognize its authority to find sentencing facts based on a preponderance of the evidence); see also United States v. Moore, 518 F.3d 577, 579-80 (8th Cir. 2008) (finding no procedural error where the district court was presumed to be aware of its power to vary downward on the basis of the crack/powder disparity), petition for cert. filed, No. 07-10689 (Apr. 25, 2008). A significant procedural error requires that we reverse a sentence unless the error is harmless or the defendant forfeited the error by failing to object in the court below. Marston, 517 F.3d at 1004 (8th Cir. 2008) (holding that a forfeited error was not reversible where defendant failed to show prejudice). An error is harmless only if we are convinced that the error did not affect the district court's sentencing conclusion. Thorpe, 447 F.3d at 569 (stating that the beneficiary of a preserved error bears the burden of proving it was harmless).

We previously vacated the sentence in another case involving the same sentencing judge based on his statement that he did not have the power to vary downward on the basis of his disagreement with the 100-to-1 crack/powder cocaine

ratio.  See United States v. Lee, 521 F.3d 911, 914 (8th Cir. 2008).  We have also reversed and remanded cases for re-sentencing where the record was merely unclear whether the district court understood that it had the power to vary.  See United States v. Thomas, 524 F.3d 855, 860 (8th Cir. 2008) (remanding where the district court was silent about its power to vary downward); Roberson, 517 F.3d at 995 (remanding where the district court was silent on its authority to vary downward, but existing Circuit precedent established that such a variance was impermissible); cf. Moore, 518 F.3d at 580 (affirming where the district court was silent on its authority to vary downward where sentencing predated Circuit precedent establishing that such a variance was impermissible).  Consistent with these opinions, we conclude that the district court committed a significant procedural error by finding that it was without the authority to vary downward on the basis of its disagreement with the crack/powder cocaine disparity.  See United States v. Tabor, 365 F. Supp. 2d 1052, 1060-61 (D. Neb. 2005).  Tabor preserved this claim of error by objecting in the court below, and the error was not harmless because we are unconvinced that the district court would have imposed the same sentence if it had understood a variance was permissible.  Therefore, remand is appropriate so that the district court may re-sentence the defendant in light of Kimbrough and with the knowledge that a variance is not precluded on the grounds that it disagrees with the crack/powder cocaine ratio.

III.

Since we are remanding this case due to a procedural error, we need not consider the effect of the now-enacted retroactive Guideline amendments on Tabor's advisory sentencing range.  See USSG app. C, amend. 713 (Supp. 2008); Sentencing Guidelines for United States Courts, 73 Fed. Reg. 217 (Jan. 2, 2008).  Moreover, the propriety of such a remand is the subject of some disagreement in our circuit.  Compare United States v. Coleman, 525 F.3d 665, 667 (8th Cir. 2008 ("As Coleman did not raise this issue [regarding the recent retroactive amendments] in the district court, it is more appropriately addressed in a motion to that court under 18 U.S.C. §

3582(c)(2)."); United States v. King, 518 F.3d 571, 576 (8th Cir. 2008) ("King's request for reduction of sentence in light of Amendment 706 must be decided by the district court in the first instance.") with United States v. Whiting, 522 F.3d 845, 852-53 (8th Cir. 2008) (remanding case "to the district court for consideration of whether Whiting's sentence should be modified in light of these retroactive amendments to the guidelines affecting crack."). Rather than weigh in on this debate, it is sufficient for us to say that in the course of correcting the procedural error, the district court may also properly consider the impact of the amended Guidelines. See USSG § 1B1.10(a)(1) (Supp. 2008).

Of course, we are not suggesting that the district court must impose a sentence lower than 151 months or even that the district court must impose a lower sentence at all. The core legal rule in Part IV of our prior panel opinion remains valid even in light of Kimbrough: A sentence is not unreasonable simply because the district court refuses to vary from the advisory sentencing range on the basis of the crack/powder disparity. United States v. Moore, 518 F.3d 577, 580 (8th Cir. 2008); United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008). In this regard, the decision to vary or not to vary belongs to the district court in its exercise of the § 3553(a) balancing test. Should an appeal follow, we would review the district court's balancing of the § 3553(a) factors for substantive reasonableness.

## IV.

For the reasons stated above, Tabor's conviction is AFFIRMED pursuant to Parts I, II and III of our prior panel opinion, United States v. Tabor, 439 F.3d 826 (8th Cir. 2006), and his sentence is VACATED and REMANDED to the district court for re-sentencing consistent with this opinion. Consequently, we deny as moot Tabor's motion for appointment of counsel.

_____