COLLOTON, Circuit Judge.
Russell Henson pled guilty to unlawful possession of a firearm as a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[2] sentenced him to eighty-four months in prison, the bottom of his advisory guidelines range. We affirm.
In March 2006, a grand jury returned an indictment against Henson, charging him with unlawful possession of a firearm as a previously convicted felon. Henson pled guilty, and the presentence investigation report prepared by the United States Probation Office calculated Henson’s advisory guidelines range as 84 to 105 months’ imprisonment.
At Henson’s sentencing hearing, on April 16, 2007, the district court stated its belief that it was “obligated under 8th Circuit law to find the sentencing guidelines presumptively reasonable.” (S. Tr. 8). As of that date, this court had held that a sentence within the advisory range was “presumptively reasonable” on appeal, United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.2005), and some district courts took this to mean that a similar presumption applied in the sentencing court. In Rita v. United States, — U.S. -, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), however, the Supreme Court clarified that while a court of appeals may apply a presumption of reasonableness when conducting substantive review of a sentence within the advisory range, “the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.” Id. at 2465.
Henson’s counsel astutely objected to the district court’s application of a presumption of reasonableness, S. Tr. 3-4, and it is now clear in light of Rita that the district court erred by applying such a presumption. This constitutes what Gall v. United States, — U.S.-, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), described as a “significant procedural error.” Id. at 597; see United States v. Greene, 513 F.3d 904, 907 (8th Cir.2008).
The government argues that the district court’s error was harmless, and we agree that an examination for harmlessness is appropriate. Federal Rule of Criminal Procedure 52(a) provides that any error that does not affect substantial rights *924 “must be disregarded.” Prior to the invalidation of the mandatory guidelines, the Supreme Court held that a misapplication of the guidelines would be harmless if “the district court would have imposed the same sentence had it not relied upon the invalid factor or factors.” Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). Misapplication of the guidelines is now one species of “significant procedural error,” Gall, 128 S.Ct. at 597, still governed by a statutory provision, 18 U.S.C. § 3742(f)(1), that was discussed in Williams and left intact by United States v. Booker, 543 U.S. 220, 259, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
We see nothing in Gall that undermines Williams or makes harmless-error analysis inapplicable to procedural sentencing errors. Henson admitted all facts necessary to the calculation of his advisory guideline range, see S. Tr. 3; United States v. McCully, 407 F.3d 931, 933 (8th Cir.2005), cert. denied, 546 U.S. 921, 126 S.Ct. 305, 163 L.Ed.2d 264 (2005), so the district court’s treatment of the range as presumptively reasonable is undoubtedly a non-constitutional error. It would be odd indeed to accord “structural” status to such a non-constitutional error when even most constitutional violations (including a Sixth Amendment violation at sentencing) may be deemed harmless upon a proper showing. See Washington v. Recuenco, 548 U.S. 212, 218, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006); United States v. Allen, 406 F.3d 940, 944-45 (8th Cir.2005) (en banc). Hence, we have thrice indicated in dicta that a significant procedural error can be harmless, United States v. Vickers, 528 F.3d 1116, 1121 (8th Cir.2008); United States v. Huff, 514 F.3d 818, 821 (8th Cir.2008); Greene, 513 F.3d at 908, and several other circuits agree. United States v. Anderson, 526 F.3d 319, 330 n. 6 (6th Cir.2008); United States v. Grissom, 525 F.3d 691, 696 (9th Cir.2008); United States v. Kristl, 437 F.3d 1050, 1054-55 (10th Cir.2008); United States v. Ameto-Anaya, 262 Fed.Appx. 936, 937 (11th Cir.2008). The nature of Gall’s procedural requirements may affect the sort of showing that is necessary before such an error may be deemed harmless, but it does not render the error automatically prejudicial.
In this case, we conclude that the government has met its burden to show that the district court’s procedural error did not substantially influence the outcome of the sentencing proceeding. See Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). After Henson’s counsel raised his objection to the presumption of reasonableness, the district judge denied Henson’s request for a downward variance from the advisory guidelines. The judge then stated:
I don’t find the guidelines to be unreasonable in this case. So while I take [the presumption of reasonableness] into account, I see no reason that I would do anything different had I had the opportunity to not do that. So the request is denied.
(S. Tr. 8).
In our view, this statement makes clear that whether or not the court felt constrained by a presumption of reasonableness, it would have imposed the same sentence. Unlike post-Gall cases that we have remanded, where the district court stated that it would have preferred to grant a downward variance, see Huff, 514 F.3d at 821; Greene, 513 F.3d at 908, the district court here said the opposite. We need not even venture an inference that the error had no effect on the court’s selection of the sentence, cf. United States v. Nomeland, 7 F.3d 744, 749 (8th Cir.1993); here, the district court answered that question expressly, see United States v. Thompson, 403 F.3d 533, 535-36 (8th Cir.2005), and it did so after taking into account the potential impact of the specific *925 error involved. Cf. United States v. Icaza, 492 F.3d 967, 971 (8th Cir.2007) (holding that a “blanket statement” by a district judge that a sentence was “fair,” where the statement was “intended to cover any and all potential guidelines calculation errors,” was not sufficient to demonstrate harmless error) (quoting United States v. Bah, 439 F.3d 423, 431 (8th Cir.2006)). We are thus persuaded that the court would have imposed the same term of imprisonment absent the procedural error, and a remand is not required. Williams, 503 U.S. at 203, 112 S.Ct. 1112. Henson does not argue that the sentence is substantively unreasonable under 18 U.S.C. § 3553(a), and we do not believe that it is.
For these reasons, the judgment of the district court is affirmed.

. The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.