# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2198

_____

United States of America,

    Appellee,

  v.

James E. Caldwell, also known as "P",
also known as Pencil,

    Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*
\*

_____

Submitted: August 14, 2008
Filed: August 27, 2008

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Caldwell pleaded guilty to four counts of distributing "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and was sentenced to 100 months in prison, which was the bottom of the advisory Guidelines range. On appeal we affirmed, rejecting Caldwell's argument that the sentence was unreasonable because the district court erroneously concluded that it lacked discretion to vary below the advisory Guidelines range based on the sentencing differential between crack and powder cocaine offenses. The United States Supreme Court vacated our judgment and remanded for further consideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007).

We review the sentence for reasonableness, first ensuring that the district court did not commit a significant procedural error. See United States v. Kowal, 527 F.3d 741, 747 (8th Cir. 2008). Kimbrough instructs that a district court may consider the crack/powder cocaine sentencing disparity in determining whether a within-Guidelines sentence is appropriate. See 128 S. Ct. at 564, 575. Consequently, it was a significant procedural error for the district court to conclude it lacked such discretion. See United States v. Tabor, 531 F.3d 688, 692 (8th Cir. 2008) (significant procedural error occurs if district court fails to understand scope of its authority and discretion at sentencing). This error was not harmless because it is not clear from the sentencing record whether the court would have varied downward based on the crack/powder cocaine disparity if it had known it could do so. See id. (error is harmless only if appeals court is convinced that error did not affect district court's sentencing conclusion); see also United States v. Thomas, 524 F.3d 855, 860 (8th Cir. 2008) (remanding for resentencing because it was unclear from sentencing record whether district court would have granted defendant's request for downward variance based on crack/powder cocaine disparity if it had known it could so).

Accordingly, we vacate Caldwell's sentence and remand for resentencing in accordance with this opinion.

_____