# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 07-2981

—————

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Donald W. Bain, Jr., | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

—————

Submitted: June 9, 2009
Filed: November 16, 2009

—————

Before GRUENDER, BALDOCK,[1] and BENTON, Circuit Judges.

—————

PER CURIAM.

Donald W. Bain, Jr., pled guilty to one count of receiving and distributing child pornography (Count 1), and one count of possession of child pornography (Count 2), 18 U.S.C. §§ 2252(a)(2), 2256. The district court[2] sentenced him to 210 months imprisonment on Count 1, and 120 months on Count 2, to be served concurrently.

---

[1] The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

[2] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Bain appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b)(1), this court affirms.

I.

On February 9, 2005, the FBI, acting on a tip from the Norwegian government, executed a search warrant at Bain's house. Agents seized three computers and numerous floppy disks containing 496 images and digital movies depicting minors engaged in sexual acts. Bain admitted to the FBI that he traded child pornography files from his home, using the file sharing program "Kazaa."

After being indicted, Bain was placed on pre-trial release, with supervision and an unsecured appearance bond. He was allowed to travel outside the country several times, with permission of the court. He underwent two psychological examinations, each concluding that he did not meet the criteria for a diagnosis of pedophilia, and that he presented low risk of re-offense.

The PSR determined the base offense level as 22. This was increased two levels because some material involved minors under age 12, U.S.S.G. § 2G2.2(b)(2); five levels because he traded the material for more child pornography, U.S.S.G. § 2G2.2(b)(3)(B); four levels because some material portrayed sadism, masochism, or other depictions of violence, U.S.S.G. § 2G2.2(b)(4); two levels because he used a computer to receive and distribute material, U.S.S.G. § 2G2.2(b)(6); and five levels because the offense involved more than 600 images,[3] U.S.S.G. § 2G2.2(b)(7)(D). After a three-level decrease for acceptance of responsibility, Bain's total offense level was 37. With a criminal history category I, this translates to a guidelines range of 210 to 262 months.

_____

[3] Although only 496 "images" were found, at least eight were video clips, which are assigned a value of 75 images each. *See* U.S.S.G. § 2G2.2 cmt. 4.

At sentencing, Bain requested the statutory minimum sentence of 60 months, arguing the § 3553(a) factors. The district court responded:

> I can't do that. Hang on. In order to go below the Guidelines pursuant to 3553 which are viewed in the Eighth Circuit now as affirmed by the United States Supreme Court as presumptively reasonable, there's got to be a ground for a variance. I mean, what are the grounds for a variance of as much as two-thirds to three-fourths of the sentence under the Guidelines? People who cooperate and put their life at risk, if the Court gives them more than 45 or 50 percent off for putting their life at risk, the Court of Appeals reverses that as an unreasonable sentence. Here what would the grounds be for a variance of the magnitude you are talking about?

Bain told the court that "a grounds for variance that make it acceptable in the Guidelines does not exist." He went on to explain that his character, history, and the fact that he would not re-offend are reasons "that a long sentence is not necessary." The court did not respond.

After the government asked for the low end of the guidelines range, the court stated:

> You knew when you were doing it that it was wrong, you just didn't know how serious the punishment is for this offense and so you are right, you have – you're going to pay dearly, your wife is going to pay dearly, everybody associated with you is going to pay dearly and it is painful because you were by all accounts very successful, a contributing member to your community, certainly to your workplace, it is harsh.

The court then considered the § 3553 factors, concluding that "a sentence at the bottom of the range is sufficient to address the essential sentencing considerations."

## II.

Reviewing a sentence, this court must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "If the decision was 'procedurally sound,' we then review the 'substantive reasonableness of the sentence' under the abuse-of-discretion standard considering the totality of the circumstances." *United States v. Alvizo-Trujillo*, 521 F.3d 1015, 1017 (8th Cir. 2008), *citing Gall*, 552 U.S. at 51.

## A.

Bain argues that the district court procedurally erred by applying a presumption of reasonableness to the guidelines range in violation of *Rita v. United States*, 551 U.S. 338 (2007), and by requiring extraordinary circumstances to justify a non-guidelines sentence in violation of *Gall*, 552 U.S. 38.

The district court twice referenced a presumption of reasonableness. First, after Bain asked for the statutory minimum sentence the court replied, "In order to go below the Guidelines pursuant to 3553 *which are viewed in the Eighth Circuit now as affirmed by the United States Supreme Court as presumptively reasonable*, there's got to be a ground for a variance." (emphasis added). Second, when announcing the sentence the court stated:

> *The Sentencing Guidelines are presumed reasonable here in the Eighth Circuit Court of Appeals.* They are not mandatory, but they are based on extensive study and refinement. They exhibit the will of Congress and they promote consistency in sentencings. Accordingly the court looks to those Guidelines as an important though not singularly controlling factor to be considered.

(emphasis added).

-4-

Bain's sentencing occurred one month after the Supreme Court decided *Rita*. *See Rita*, 551 U.S. 338 (decided June 21, 2007). "Trial judges are presumed to know the law and to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002). Thus, the district court here meant that the presumption of reasonableness is only an appellate presumption when stating that the guidelines are presumed reasonable "in the Eighth Circuit now as affirmed by the United States Supreme Court." *See United States v. Gray*, 533 F.3d 942, 943 (8th Cir. 2008) (noting *Rita* was "hardly [an] obscure decision[] likely to have been overlooked by federal sentencing judges. . . ."). The district court here did not commit *Rita* error. *Cf. United States v. Burnette*, 518 F.3d 942, 946-47 (8th Cir. 2008) (district court's statement before *Rita* that a "sentence within the guidelines is presumed reasonable" was plain error after *Rita*).

After this court's original opinion was filed in August 2008, the Supreme Court granted certiorari, vacated the judgment, and remanded for further consideration in light of *Nelson v. United States*, 129 S. Ct. 890 (2009). In that case, the district court stated that under Fourth Circuit precedent, "the Guidelines are considered presumptively reasonable," so that "unless there's a good reason in the [statutory sentencing] factors . . ., the Guideline sentence is the reasonable sentence." *Nelson*, 129 S. Ct. at 891. The Supreme Court emphasized that "the Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable," and found "it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guidelines range." *Id.* at 892.

Unlike *Nelson*, the sentencing judge's statements here do not indicate that he presumed the Guidelines range reasonable. The district court's statements about the presumption of reasonableness refer to "the Eighth Circuit" and "the Eighth Circuit Court of Appeals." These statements merely recognize that a sentence within the Guidelines range is presumed reasonable at the appellate level. The district court here did not go on to say that the Guideline sentence "is the reasonable sentence" absent

good reason in the statutory sentencing factors; rather, the district court here understood the Guidelines as "an important though not singularly controlling factor to be considered." Critically, sentencing here occurred one month *after Rita*, while sentencing in the *Nelson* case occurred fourteen months *before Rita.* Thus, in light of the presumption that a district judge knows and applies the law, the district court here did not apply a presumption of reasonableness to the Guidelines range.

Even so, the district court committed *Gall* error by requiring extraordinary circumstances to justify the requested non-guidelines sentence. Before *Gall*, this circuit "discourage[d] drastic reductions [in sentences] absent extraordinary circumstances, especially when the sentencing guidelines already significantly reflect the mitigating factors." *United States v. Gonzalez-Alvarado*, 477 F.3d 648, 651 (8th Cir. 2007). Bain's sentencing occurred four months before *Gall* "reject[ed] [] an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Gall*, 552 U.S. at 47. The Court also "reject[ed] the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Id.*

Taking the district court's comments in light of the circuit law at the time, the court undoubtedly believed that extraordinary circumstances were required to justify Bain's requested sentence. When he asked for the statutory minimum, the district court said "I can't do that," noting that when district courts give reductions of "more than 45 or 50 percent off [the guideline range] for [defendants] putting their life at risk, the Court of Appeals reverses. . . ." The fact that the district court twice mentioned the appellate presumption of reasonableness reinforces that it felt constrained by this circuit's (then) strict percentage review, and did not independently consider Bain's arguments that a 60-month sentence was sufficient but not greater than necessary to meet the sentencing goals of § 3553. *See Gall*, 552 U.S. at 47, 50 (district court "must make an individualized assessment based on the facts presented"); *Burnette*, 518 F.3d at 946-47 (district court's statement that the Court of

Appeals is very tough on variances and "sentences below the guidelines range to amount to anything are not easily accomplished" was error after *Rita* and *Gall*). The district court erred here. By requiring extraordinary circumstances, it misapprehended its authority to issue a non-guidelines sentence. *See United States v. Tabor*, 531 F.3d 688, 692 (8th Cir. 2008) ("[S]ignificant procedural error occurs if the district court fails to understand the scope of its authority and discretion at sentencing.").

B.

If not preserved, procedural sentencing errors are reviewed only for plain error. *See Burnette*, 518 F.3d at 946. Bain asserts he preserved error by "informing the judge of the course of action he wished the judge to take, and by stating the exact sentence sought."[4]

This circuit requires more than a request for a non-guidelines sentence in order to preserve *Rita* or *Gall* error; the defendant must object to the district court's erroneous application of the law. *See United States v. Gaddy*, 532 F.3d 783, 790 (8th Cir. 2008) (applying plain error review to *Rita* error because the defendant "did not object to the district court's alleged presumption"); *Alvizo-Trujillo*, 521 F.3d at 1018 (request for variance and statement that guidelines range was unreasonably high did not preserve alleged error because it "was merely commentary and was made before the district court announced the improper presumption and the sentence"); *United*

---

[4] The government argued that review is for abuse of discretion. A party's concession on the standard of review does not bind the court, as "[s]uch a determination remains for this court to make for itself." *K&T Enter., Inc. v. Zurich Ins. Co.*, 97 F.3d 171, 175 (6th Cir. 1996). *See also Worth v. Tyer*, 276 F.3d 249, 262 n.4 (7th Cir. 2001) (courts, not the parties, determine the standard of review; it cannot be waived), *citing Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1022 n.4 (9th Cir. 1997) (en banc) (O'Scannlain, J., concurring in part and dissenting in part); *Izzarelli v. Rexene Prods. Co.*, 24 F.3d 1506, 1519 n.24 (5th Cir. 1994) (the standard of review cannot be waived).

*States v. Vaughn*, 519 F.3d 802, 805 (8th Cir. 2008) (applying plain error review to *Rita* error where defendant asked for variance, because the defendant did not object in the district court); *Burnette*, 518 F.3d at 946 (applying plain error review to *Rita* and *Gall* error because "[a]fter withdrawing his objections to the PSR, [the defendant] made no further objections to his sentence"); *United States v. Marston*, 517 F.3d 996, 1004 (8th Cir. 2008) (applying plain error review to *Rita* error because the defendant "did not object at sentencing that the district court's interpretation of the law was incorrect"). Because Bain did not object to the district court's requirement of extraordinary circumstances to justify the requested sentence, this court may only review for plain error.[5]

"Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *Vaughn*, 519 F.3d at 804, *citing Johnson*

---

[5] Bain cites Rule 51 to support his argument that he preserved the error here by requesting an "exact" non-guidelines sentence. *See* Fed. R. Crim. P. 51(b) ("A party may preserve a claim of error *by informing the court – when the court ruling or order is made or sought – of the action the party wishes the court to take*, or the party's objection to the court's action and the grounds for that objection.") (emphasis added).

Although requesting a non-guidelines sentence does not preserve *Rita* or *Gall* error, this court has held that requesting a variance based on the crack/powder-cocaine disparity is sufficient to preserve *Kimbrough* error. *See Tabor*, 531 F.3d at 692 (applying de novo review to *Kimbrough* error where defendant requested variance); *United States v. Cawthorn*, 527 F.3d 678, 679-80 (8th Cir. 2008) (same); *United States v. Thomas*, 524 F.3d 855, 860 (8th Cir. 2006) (same); *United States v. Lee*, 521 F.3d 911, 913-14 (8th Cir. 2008) (same); *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008) (same). *See generally United States v. Langford*, 516 F.3d 205, 222 (3rd Cir. 2008) ("In *Rita*, *Gall*, and *Kimbrough*, the Court sought to remedy the errors of many courts that 'continued to treat the Guidelines as virtually mandatory,' by reemphasizing their advisory nature as well as the broad discretion granted sentencing courts under § 3553(a)."), *quoting Rita*, 551 U.S. at 366 (Stevens, J., concurring).

*v. United States*, 520 U.S. 461, 466-67 (1997). A plain error will not be corrected unless (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993).

The *Gall* error here is plain. *See Burnette*, 518 F.3d at 947, *citing Johnson*, 520 U.S. at 468 (it is enough that an error be plain at the time of appeal). The issue is whether the error affected a substantial right.

An error affects a substantial right if it is prejudicial. *Olano*, 507 U.S. at 734. A sentencing error is prejudicial if there is a reasonable probability the defendant would have received a lighter sentence but for the error. *United States v. Pirani*, 406 F.3d 543, 552 (8th Cir. 2005) (en banc). "The reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004). In light of the entire record, the reviewing court must be satisfied that "the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *Id.* at 83, *quoting Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Bain was sentenced to the low end of the guidelines range. This alone is insufficient to establish a reasonable probability that he would have received a lower sentence. *Pirani*, 406 F.3d at 553. The district court stated that

> [Y]ou're going to pay dearly, your wife is going to pay dearly, everybody associated with you is going to pay dearly and it is painful because you were by all accounts very successful, a contributing member to your community, certainly to your workplace, it is harsh.

It is unclear whether the district court meant the sentence was harsh, or whether the district court meant it was unfortunate that an otherwise well-functioning member of society had committed this crime. The district court proceeded to consider the §

3553(a) factors, concluding that "[b]ased on all the circumstances of this case . . . a sentence at the bottom of the range is sufficient to address the essential sentencing considerations." On this record, it is not clear what action the district court would have taken absent the *Gall* error. "[W]here the effect of the error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." *Pirani*, 406 F.3d at 553. Therefore, this court finds that Bain has not met his burden of showing a reasonable probability of a lower sentence. *See Gaddy*, 532 F.3d at 791 (no prejudice where district court stated the guidelines range was pretty stern, but "extensively discussed the § 3553(a) factors").

C.

Bain also asserts that his sentence is substantively unreasonable. No objection is needed to preserve an attack on the substantive reasonableness of a sentence. *United States v. Wiley*, 509 F.3d 474, 476-77 (8th Cir. 2007). This court considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51.

Bain argues that this court should not apply a presumption of reasonableness to his within-guidelines sentence because of the district court's *Gall* error. "[T]he presumption [of reasonableness] reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Rita*, 551 U.S. at 347 (emphasis in original). When there is *Gall* error, the district court feels constrained by the guidelines, and therefore does not *independently* reach the same conclusion as to the proper sentence. If the district court and the Sentencing Commission did not

independently come to the same conclusion, the rationale for the presumption disappears.

This court will therefore determine whether the 210 month sentence is substantively reasonable with regard to the § 3553(a) factors, without the presumption of reasonableness. The factors to be considered under § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
> (5) any pertinent policy statement issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Before sentencing Bain, the district court stated:

> I have considered the nature and circumstances of this offense and the history and characteristics of this defendant. I have considered the seriousness of the offense and note in that regard that the number of

images involved here and the amount of trading of files puts this case above the garden variety, the offense in its most basic form.

The Court has also considered the question of just punishment. The Court looked at the Presentence Report very hard to see any evidence of pedoph[i]lia or anything like that that would exacerbate this situation, aggravate the sentence.

I have considered the issue of adequate deterrence to criminal conduct as I must and to the extent that a sentence of imprisonment can do such a thing in these cases, it will certainly have that effect.

I have considered the need to protect the public from further crimes and rely heavily in that regard on the psychosexual investigation that was conducted in this case and which indicated that the – that Mr. Bain has a low risk for other problems and a high likelihood for successful rehabilitation.

I have considered the sentencing options that are available. I have also, of course, considered the kind of sentences and the advisory sentencing range established by the Guidelines. The Sentencing Guidelines are presumed reasonable here in the Eighth Circuit Court of Appeals. They are not mandatory, but they are based on extensive study and refinement. They exhibit the will of Congress and they promote consistency in sentencing. Accordingly the Court looks to those Guidelines as an important though not singularly controlling factor to be considered.

The Court has also examined the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct. We have had quite a number of people that are very similarly situated to Mr. Bain, successful, hard working, family people that get caught up in this and so we have a track record here in Federal Court and all across the Southern District of Iowa and it is, of course, important pursuant to the Guidelines and pursuant to Section 3553 to promote consistency among those sentences.

I conclude that the Guideline system adequately addresses the circumstances of this defendant and the Sentencing Guideline range is reasonable.

Given the court's detailed consideration of the § 3553(a) factors, and the "deferential abuse-of-discretion standard of review that applies to all sentencing decisions," *Gall*, 552 U.S. at 52, this court cannot say that a 210 month sentence is "outside the range of choice dictated by the facts of the case." *United States v. Jones*, 507 F.3d 657, 659 (8th Cir. 2007) (defining abuse of discretion in sentencing). *See Burnette*, 518 F.3d at 949 (finding guidelines sentence substantively reasonable despite *Rita* and *Gall* error); *Vaughn*, 519 F.3d at 805-06 (finding guidelines sentence substantively reasonable despite *Rita* error).

## III.

The judgment of the district court is affirmed.

_____

BENTON, Circuit Judge, concurring.

I concur due to this circuit's precedent requiring plain error review of unpreserved procedural errors. I write separately because, on these facts, *Gall v. United States*, 552 U.S. 38 (2007), requires remand.

Before *Booker*, the Supreme Court interpreted 18 U.S.C. § 3742(f)(1) as requiring harmless error analysis of misapplication of the guidelines – which is a procedural error post-*Gall*. *See* **Williams v. United States**, 503 U.S. 193, 203 (1992). *Williams* addressed a district court's upward departure based on both prohibited and authorized grounds. *Id*. at 196. After finding the error harmless under § 3742(f)(1), the Court reviewed the decision to depart for "reasonableness" under § 3742(f)(2), a

review like post-*Gall* substantive review. *See **id**.* at 203-04 (reasonableness review involves the appellate court "examin[ing] the factors to be considered in imposing a sentence under the Guidelines, as well as the district court's stated reasons for the imposition of the particular sentence."). The Court stated that a "sentence thus can be 'reasonable' even if some of the reasons given by the district court to justify the departure from the presumptive guidelines range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure." ***Id**.*

This court has determined that "nothing in *Gall* [] undermines *Williams* or makes harmless-error analysis inapplicable to procedural sentencing errors." **United States v. Henson**, 550 F.3d 739, 740-41 (8th Cir. 2008) (noting that § 3742(f) was left intact by *Booker*). *See also* **United States v. Vickers**, 528 F.3d 1116, 1121 (8th Cir, 2008) (applying harmless error post-*Gall*); **United States v. Greene**, 513 F.3d 904, 908 (8th Cir. 2008) (same); **United States v. Huff**, 514 F.3d 818, 821 (8th Cir. 2008) (same).

Before *Gall*, this court ruled that plain error review applies to unpreserved *Booker* errors. *See* **United States v. Pirani**, 406 F.3d 543, 548-49 (8th Cir. 2005) (en banc). *Booker* required sentences to be reviewed only for "unreasonableness." **United States v. Booker**, 543 U.S. 220, 260-61 (2005). "*Gall v. United States* calls for an appellate court to conduct two layers of review, first for procedural soundness, then for substantive reasonableness." **Vickers**, 528 F.3d at 1122 (Shepherd, J., concurring) (citation omitted). Post-*Gall*, this court continues to apply plain-error review to unpreserved procedural errors. *See, e.g.,* **United States v. Alvizo-Trujillo**, 521 F.3d 1015, 1018 (8th Cir. 2008) (applying plain error post-*Gall*); **United States v. Burnette**, 518 F.3d 942, 946 (8th Cir. 2008) (same).

This case illustrates the difficulty of conducting substantive review, after a finding of *Gall* error. The majority finds a *Gall* error here, but does not reverse under plain error review because the record does not indicate that the district court would

have given a lower sentence had it been aware of its full authority to sentence outside the guidelines. The majority must then proceed to review the substantive reasonableness of the sentence, based on the district court's explanation of the § 3553(a) factors. *See Gall*, 552 U.S. at 51 ("[T]he appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."). Unlike *Williams* where the appellate court could determine whether the authorized grounds alone justified the departure, here the court has no basis to judge whether the sentence is reasonable.

When Bain requested the 60-month sentence, the district court stated, "I can't do that, . . . . if the Court gives [defendants] more than 45 or 50 percent off for putting their life at risk, the Court of Appeals reverses that as an unreasonable sentence." The district court did not seriously consider Bain's arguments for a 60-month sentence; therefore the entire § 3553(a) explanation is tainted by the *Gall* error. *See Vickers*, 528 F.3d at 1122-23 (Shepherd, J., concurring) (procedural error "thwarts reasonableness review – that is, it cuts off our review process before we even reach the issue of reasonableness"); *United States v. Langford*, 516 F.3d 205, 213 (3rd Cir. 2008) ("Our reasonableness review relies on a district court's reasoning from the starting point of the correctly calculated Guidelines through the § 3553(a) factors."). The record here does not indicate what sentence the district court believed was "sufficient but not greater than necessary." Due to the deferential abuse of discretion standard, the majority affirms the sentence based on explanations that may not reflect the district court's unrestrained opinion.

District courts must "make an *individualized* assessment" of the correct sentence, and "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50 (emphasis added). Substantive review under *Gall* requires this court to defer to the district court's *unrestrained* opinion about what sentence is "sufficient but not greater than necessary," and the reasons therefor. *See also Rita v. United States*, 551 U.S.

-15-

338, 357 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising *his own legal decisionmaking authority*.") (emphasis added).

Since this court has no reliable basis for substantive review, this sentence should be reversed and remanded for resentencing in order to fulfill the mandate of *Gall*. *See **United States v. Pepper***, 518 F.3d 949, 953 (8th Cir. 2008) (reversing and remanding for resentencing – without harmless error, plain error, or substantive review – where the district court "procedurally erred by failing to explain adequately [defendant's] sentence and by relying predominantly on improper factors to determine the sentence variance"); ***United States v. Kemp***, 530 F.3d 719, 723 (8th Cir. 2008) (reversing and remanding because "we are not sure that the district court adopted the guidelines range recommended in the PSR"); ***United States v. Garcia-Hernandez***, 530 F.3d 657, 665-666 (8th Cir. 2008) (reversing procedural error of "relying on an erroneous factor" without harmless error, plain error, or substantive reasonableness analysis). *Cf. **United States v. Thomas***, 524 F.3d 855, 860 (8th Cir. 2006) (reversing and remanding *Kimbrough* error because it was unclear whether it would have varied from the guidelines range had it know it had the authority); ***United States v. Roberson***, 517 F.3d 990, 995 (8th Cir. 2008) (reversing and remanding *Kimbrough* error because "[w]hen a district court does not consider an argument because it is unaware of its power to do so, [] remand is appropriate.").

Because this circuit's precedent requiring plain error review of unpreserved *Gall* error does not allow a remand,  I concur in the result.