# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1349

_____

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Miguel Cruz Gonzalez, also known as | * | |
| Miguel De La Cruz Gonzalez, also | * | |
| known as Miguel Gonzalez Cruz, also | * | [UNPUBLISHED] |
| known as Antonio Velasquez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 17, 2011
Filed: October 21, 2011

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Miguel Cruz Gonzalez pled guilty to one count of aggravated unlawful entry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). At sentencing, the district court[1] calculated an advisory sentencing guidelines range of 27 to 33 months'

_____

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

imprisonment based on a total offense level of 17 and a criminal history category of II. Gonzalez was sentenced to a term of 27 months and now appeals the sentence.

When reviewing a sentence, we first evaluate whether the district court committed significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). Gonzalez contends that the district court committed procedural error by not considering the factors from 18 U.S.C. § 3553(a) to determine what sentence was appropriate, by considering itself "bound to impose a sentence that fell within the Guideline range," and by "presuming the reasonableness of the Guideline range." Failing to consider the § 3553(a) factors and treating the guidelines as mandatory are significant procedural errors. *Gall*, 552 U.S. at 51. A district court's application of a presumption of reasonableness to the advisory guidelines range also constitutes significant procedural error. *United States v. Henson*, 550 F.3d 739, 740 (8th Cir. 2008). Here, Gonzalez made no objections at the time of sentencing, so we review only for plain error. *United States v. Espinoza Bravo*, 624 F.3d 921, 924 (8th Cir. 2010). "We will reverse only if [Gonzalez] shows that the district court committed an error that was plain, that affected his substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Garcia*, 646 F.3d 1061, 1068-69 (8th Cir. 2011).

In this case, Gonzalez has failed to demonstrate plain error in the sentencing procedure. The district court stated that it had considered all of the § 3553(a) factors and then specifically discussed several of them, including seriousness of the offense, protection of the public, and unwarranted sentencing disparity. A district court is not required to "mechanically recite" each of the factors on the record so long as it is clear that all relevant factors were properly considered. *United States v. Brown*, 627 F.3d 1068, 1073-74 (8th Cir. 2010). Furthermore, the district court considered Gonzalez's argument for a below-guidelines sentence and found a variance unwarranted based on its analysis of the § 3553(a) factors, thus demonstrating that it did not consider itself bound by the guidelines range. Gonzalez identifies, and we find, no evidence that the

district court adopted a presumption of reasonableness for the advisory guidelines range. Absent any contrary indication, "[t]rial judges are presumed to know the law and to apply it in making their decisions." *United States v. Bain*, 586 F.3d 634, 638 (8th Cir. 2009) (quoting *Walton v. Arizona*, 497 U.S. 639, 653 (1990)). The district court based the sentence on its evaluation of the § 3553(a) factors in the unique circumstances of this case. We find no error, much less plain error, in the district court's sentencing procedure.

Second, Gonzalez argues that the sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Mees*, 640 F.3d 849, 856 (8th Cir. 2011). An abuse of discretion occurs "where the sentencing court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *United States v. Moore*, 565 F.3d 435, 438 (8th Cir. 2009) (quoting *United States v. Kowal*, 527 F.3d 741, 749 (8th Cir. 2008)). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). Because the district court imposed a sentence within the advisory guidelines range, we presume that it is substantively reasonable. *United States v. Sandoval-Sianuqui*, 632 F.3d 438, 444 (8th Cir.), *cert. denied*, --- U.S. ---, 2011 WL 4532815 (Oct. 3, 2011).

Gonzalez contends that the district court gave too much weight to the seriousness of the offense and Gonzalez's threat to the public and that it failed to fully consider the impact of the sentence on Gonzalez's family. However, "[t]he district court's decision to place greater emphasis in this case on factors that favored a sentence within the advisory range . . . than on other § 3553(a) factors that might favor

a more lenient sentence is a permissible exercise of the considerable discretion available to a sentencing court under the post-*Booker* regime." *United States v. Ruelas-Mendez*, 556 F.3d 655, 658 (8th Cir. 2009). Gonzalez has not shown that the district court clearly erred in weighing the § 3553(a) factors.

The judgment of the district court is affirmed.

_____